IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GAGE MICHAEL FOULDS,

    Plaintiff,

v.                                                                                   No. 2:24-cv-666 GBW/KRS

WERNER ENTERPRISES, INC., et al.,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on November 19, 2024. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a)    Maximum of twenty-five (25) interrogatories by each party, with responses due thirty (30) days after service.

(b)    Maximum of twenty-five (25) requests for admission by each party, with responses due thirty (30) days after service.

(c)    Maximum of ten (10) depositions by each side. Each deposition (other than a party or expert) is limited to a maximum of four (4) hours unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a)     Deadline for Plaintiff to file a motion to amend pleadings or join additional parties: **December 20, 2024.**

(b)     Deadline for Defendants to file a motion to amend pleadings or join additional parties: **January 10, 2025**.

(c)     Deadline for Plaintiff to deliver expert reports to Defendants: **March 14, 2025.**

(d)     Deadline for Defendants to deliver expert reports to Plaintiff: **April 18, 2025**.

(e)     Termination of discovery: **May 23, 2025.**

(f)     Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(g)     Deadline for motions relating to discovery: **June 12, 2025.**

(h)     Deadline for all other motions:[1] **June 23, 2025.**

(i)     Pretrial order:  **To be set by the presiding judge.**

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at https://www.nmd.uscourts.gov/judges. Each judge may have practices and submission procedures that counsel are expected to follow.

Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

    SO ORDERED this 19th day of November, 2024

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE