IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GAGE MICHAEL FOULDS,

    Plaintiff,

v.                                                             Case No.: 2:24-cv-00666-GBW-KRS

WERNER ENTERPRISES, INC.; and
OCLEVIS LESTER,

    Defendants.

## AGREED CONFIDENTIALITY ORDER

    The parties may be required to produce or disclose in this proceeding certain confidential or private information, documents or things, as described below, and the disclosure of Confidential material without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the producing party.

    The parties desire entry of an order under the Federal Rules of Civil Procedure and other applicable laws and rules to facilitate the orderly and cost-effective discovery of relevant information while minimizing the potential for unauthorized disclosure of Confidential material.

    ACCORDINGLY, the Court finds good cause for entry of this Confidentiality Order, and IT IS HEREBY ORDERED that this Confidentiality Order is entered by consent and pursuant to Federal Rule of Civil Procedure 26(c).

    1.    Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document or thing, or portion of any document or thing that: (a) contains (i) trade secrets (as defined in the New Mexico Uniform Trade Secrets Act, NMSA 1978 Section 57-3A-2(D)); (ii) competitively sensitive technical, marketing, financial, sales, or other confidential business information; (iii) private or

confidential personal information; (iv) information received in confidence from third parties; or (b) the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c) and/or any other applicable provision of federal or New Mexico law. Any party to this litigation or any third party covered by this Confidentiality Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "PROTECTED DOCUMENT – Subject to Confidentiality Order" (herein "Confidential"). If a party produces a Confidential document in native format, the native file shall be renamed to include the confidentiality designation.

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action; shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose; and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties.

    b. Outside experts or consultants retained by outside counsel for purposes of this action, including but not limited to secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing whose duties and responsibilities require access to such materials.

      c.      Law firm staff, including but not limited to secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing.

      d.      The Court, court personnel, and the jury.

      e.      Any deponent may be shown or examined on any information, document, or thing designated Confidential unless the parties stipulate otherwise.

      f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including but not limited to court reporters, litigation support personnel, jury consultants, and individuals to prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, including the staff, stenographic, and clerical employees of the foregoing whose duties and responsibilities require access to such materials.

      g.      The parties. In the case of parties that are corporations or other business entities, "party" shall mean persons who are required to participate in decisions with reference to this lawsuit.

4.      Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.      With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to

be designated Confidential, by giving specific page and line references. This period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fifteen (15) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

        b.       If a dispute as to the Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged may file a motion for an order regarding the challenged designation and shall bear the burden of showing good cause for the designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

    7.      The parties acknowledge that the mere designation of information as confidential pursuant to this Confidentiality Order is not sufficient to satisfy the Court's requirements for filing under seal in light of the public's presumptive right of access to the Court's dockets. Therefore, this Order does not entitle any party to file documents containing information designated as confidential under seal. Any party wishing to submit any Confidential material to the Court must seek Court permission to file the Confidential material under seal, and all motions to seal documents filed with the Court must comply with local procedure.

    8.      The terms of this Confidentiality Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a Confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the Confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the Confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a Confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

9. No information that is in the public domain or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.

10. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. The parties agree that the provisions of this Confidentiality Order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the protective order.

IT IS SO ORDERED this 14th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM (before Court modifications):**

| ZINDA LAW GROUP, PLLC | MAYER, LLP |
|---|---|
| By: */s/ Benjamin Abbas via email 2.27.25* | By: */s/ Ryan Goodhue* |
| Neil Solomon | Brian Fisher |
| Jason Aldridge | Ryan Goodhue |
| Benjamin Abbas | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |